WALTER F. WHITNEY *vs.* FRED A. WHITNEY & another.

Worcester.     September 22, 1936. — November 9, 1936.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Equity Pleading and Practice*, Bill. *Equity Jurisdiction*, Suit by minority stockholder of corporation.

A bill in equity by a stockholder in a corporation against the corporation and a controlling stockholder which includes averments as to wrongs of the individual defendant against the plaintiff in the organization of the corporation and distribution of shares, for which the plaintiff sought personal redress, and also averments of wrong conduct of the individual defendant toward the corporation, for which the plaintiff sought redress in behalf of the corporation, was multifarious.

BILL IN EQUITY, filed in the Superior Court on January 15, 1935, and afterwards amended.

A demurrer to the amended bill was heard by *Whiting*, J., by whose order there was entered a decree sustaining the demurrer and dismissing the bill. The plaintiff appealed.

*A. T. Handverger*, for the plaintiff.

*G. Mason*, for the defendants.

---

LUMMUS, J. This is a bill in equity by the holder of three hundred and eighty shares of stock in Whitney & Company, Incorporated, a corporation, against the corporation and Fred A. Whitney, the holder of six hundred and seventeen shares. A demurrer was sustained on the ground of multifariousness, the plaintiff declined to amend, a final decree was entered dismissing the bill with costs, and the plaintiff appealed.

The bill alleges in substance that in 1926 the corporation bought from the plaintiff and the individual defendant certain assets of a partnership in which they were equal partners, for the entire capital stock of the corporation, consisting of nine hundred ninety-eight shares; that the plaintiff was ill, and compelled to entrust to the individual defendant the organization of the corporation, and the transfer to it of the assets of the partnership; that the individual defendant issued three hundred and eighty shares to the plaintiff and a like amount to himself, and without legal consideration issued two hundred and thirty-seven additional shares to himself; that the individual defendant as controlling stockholder without right has used the credit, funds and property of the corporation for his own private purposes, and to cover his misappropriation has caused to be declared a dividend of forty per cent which has not been earned. The bill prays for an accounting of the funds and property of the corporation which have been used for private purposes, for their restoration to the corporation, and for the cancellation of two hundred and thirty-seven shares of stock held by the individual defendant.

No specific ground is set forth for the general allegation that the issuance of the two hundred and thirty-seven shares was without legal consideration and a wrong to the corporation. On the contrary, the basic facts alleged show that the entire issue of stock was in consideration of the transfer of certain assets of the partnership, and lawful. Any wrong done by the individual defendant in taking and keeping the two hundred and thirty-seven shares was a wrong to the plaintiff and not to the corporation. On the other hand, the misconduct of the individual defendant

alleged in other parts of the bill was a wrong to the corporation, for which the plaintiff seeks a remedy on behalf of the corporation. *Hayden* v. *Perfection Cooler Co.* 227 Mass. 589, 591. *Daniels* v. *Briggs,* 279 Mass. 87. *Baker* v. *Allen,* 292 Mass. 169, 172. Joining these two unconnected causes of suit in one bill made it multifarious. *Saltman* v. *Nesson,* 201 Mass. 534, 539. *Cedar* v. *Superior Credit Corp.* 276 Mass. 197. *Hays* v. *Georgian Inc.* 280 Mass. 10, 22, 23.

*Decree affirmed with costs.*