WALTER F. WHITNEY *vs.* FRED A. WHITNEY & another.

Worcester. September 27, 1937. — March 1, 1938.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Res Judicata. Equity Pleading and Practice*, Demurrer. *Equity Jurisdiction*, Suit by minority stockholder.

The entry of a decree dismissing a minority stockholder's bill in equity after a decree sustaining a demurrer on the ground of multifariousness, with leave to the plaintiff to amend of which the plaintiff refused to avail himself, was an effectual bar as *res judicata* to a new bill by the same plaintiff against the same defendants of the character suggested by the court in giving him leave to amend in the previous suit.

The plaintiff in a minority stockholder's suit, although he is prosecuting the litigation, not for his own benefit but for that of the corporation, is the master of the litigation and is subject to the ordinary rules of equity practice.

BILL IN EQUITY, filed in the Superior Court on January 26, 1937.

A plea in bar was sustained and a final decree dismissing the bill was entered by order of *Burns, J.* The plaintiff appealed.

*A. T. Handverger*, for the plaintiff.

*G. H. Mason*, for the defendants.

RUGG, C.J. This suit in equity was brought by the plaintiff in behalf of himself and all other stockholders of the defendant corporation (hereafter called the corporation) who may decide to join herein and become parties plaintiff. There are allegations in the bill setting forth numerous acts of wrongdoing and faithlessness, in connection with the organization and management of the corporation, by the individual defendant, who was a director, the treasurer and general manager of the corporation. These allegations comprise, among other matters, payment of excessive salaries to himself, the spending of a large part of his time in undertakings disconnected with the business of the corporation, misappropriation and misspending of funds of the corporation, the issuance of incorrect and misleading statements of the financial condition of the corporation, the causing to be declared, at a time when the corporation was in no condition to declare such a dividend, a dividend of forty per cent to repay his defalcations, and forcing the corporation to borrow $15,000 to that end. The defendants filed a demurrer, an answer and a plea in bar. After a hearing, the plea in bar was sustained and a decree entered dismissing the bill with costs. The appeal of the plaintiff brings the case here.

The plea in bar was in substance this: In January, 1935, the plaintiff brought a suit in equity against the defendants. A demurrer to that bill was sustained. Subsequently, three successive amended bills of complaint were filed in that suit, to each of which demurrers by the defendants were sustained.

At the hearing on the demurrer to the last amended bill the trial judge offered the plaintiff an opportunity to amend the bill by striking out allegations based on the improper division of the capital stock of the corporation. The plaintiff refused to amend the bill in accordance with that suggestion. That demurrer was sustained by an interlocutory decree and a final decree was entered dismissing the bill. On appeal by the plaintiff both these decrees were affirmed. *Whitney* v. *Whitney*, 296 Mass. 13. Prior to decree after rescript, the plaintiff filed a motion for leave to file an amended bill, which conformed to the suggestion of the trial judge and which was identical with the bill of complaint in the case at bar. That motion was denied. Final decree after rescript was entered in January, 1937. Further averments of the plea are that "All the allegations contained in the plaintiff's present bill had been included in the amended bill of complaint filed in the prior proceedings, the sustaining of a demurrer to which was affirmed" on appeal, by this court. "The present bill alleges the same cause of actions and seeks the same relief as were alleged and prayed for in the prior proceedings. Wherefore the defendants say that the final decree in the prior proceedings between the same parties rendered the matter *res judicata* as to every issue which was or might have been litigated in that action and estops the plaintiff from contesting the matter further, and the defendants plead the said adjudication in bar to the plaintiff's bill and ask that the same be dismissed and for their costs."

It appears from *Whitney* v. *Whitney*, 296 Mass. 13, that the demurrer was sustained on the ground of multifariousness in that it was alleged in that bill that the individual defendant had, without right, used the credit, funds and property of the corporation for his own private purposes; and it was also alleged that the individual defendant had, without right, issued shares of stock in the corporation, which belonged to the plaintiff, to the individual defendant, thus making an improper division of the capital stock to the harm of the plaintiff and to the advantage of the individual defendant. The main point argued in the case at bar is

whether the final decree in the prior proceeding is a bar to the present suit.

The defence of *res judicata* may be raised by a plea in equity. *Eastman Marble Co.* v. *Vermont Marble Co.* 236 Mass. 138, 148. *Franklin* v. *North Weymouth Cooperative Bank,* 283 Mass. 275, 279. *Mutual Life Ins. Co.* v. *Royal,* 291 Mass. 487, 491.

In the case at bar there is no finding of facts. There is no report of evidence. The case was heard simply on the plea, and the decree dismissing the bill was entered. In such circumstances the entry of the decree imports the finding of all facts adverse to the plaintiff which are permissible under the pleadings. *Brogna* v. *Commissioner of Banks,* 248 Mass. 241, 243. *Levinson* v. *Connors,* 269 Mass. 209. *Pouliot* v. *West India Fruit Co.* 283 Mass. 182, 184. *Milne* v. *Walsh,* 285 Mass. 151, 153. The trial judge in sustaining the plea in the case at bar must have found that the present bill is for the same cause of action as that which formed the basis of the earlier proceeding. There must also have been a finding that the plaintiff was permitted to amend that bill. It is a general rule that a judgment for the defendant founded on a demurrer is not a bar to a second action. The reason for the rule is that such a judgment commonly is based not on the merits but upon the insufficiency of the statement of the cause of action. *Wilbur* v. *Gilmore,* 21 Pick. 250, 253. *Foster* v. *Busteed,* 100 Mass. 409, 412. *Abbott* v. *Bean,* 295 Mass. 268, 273. An exception to that general rule has grown up in cases where the plaintiff has been given leave to amend his pleading and has declined to amend and a judgment has thereafter been entered founded on the sustaining of the defendant's demurrer. In such cases a judgment operates as a bar to a second action. In such a case "the judgment rendered on demurrer commonly is treated as based on the merits." *Keown* v. *Keown,* 231 Mass. 404, 408. It is well settled that in appropriate circumstances a judgment rendered on a demurrer is as conclusive as one rendered upon the hearing of evidence. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, 205. In these con-

ditions, where a plaintiff has refused to amend his pleading a judgment rendered on a demurrer causes the matter to become *res judicata* as between the parties "as to every issue which was or might have been litigated in that action and" estops the plaintiff "from contesting the matter further." *Correia* v. *Portuguese Fraternity,* 218 Mass. 305, 307. *Capaccio* v. *Merrill,* 222 Mass. 308, 310. *Cheraska* v. *Ohanasian,* 259 Mass. 341, 344. *Karas* v. *Karas,* 294 Mass. 230, 231. *Abbott* v. *Bean,* 295 Mass. 268, 275. *Bonifazi* v. *Breschi,* 296 Mass. 544, 548. See also *Reid* v. *Holmes,* 127 Mass. 326. The case at bar is distinguishable from *Levinton* v. *Poorvu,* 293 Mass. 338, 345, where the demurrer in the earlier case was sustained on the ground that the bill did not concern a cause of action falling within equity jurisdiction. The doctrine of *res judicata,* therefore, applies where the issues have in fact been fully tried and in cases where the plaintiff has had ample opportunity to state his cause of action completely and correctly so as to have the issues tried but has refused to embrace that opportunity. Although the plaintiff is prosecuting this litigation not for his own benefit but for that of the corporation, it is being prosecuted in his name and he is master of the proceeding. He has had his full day in court. There is no reason why the ordinary rules of equity practice should not apply to the plaintiff in bringing a stockholder bill. Such a plaintiff may be barred by laches. *Peabody* v. *Flint,* 6 Allen, 52, 57. *Calkins* v. *Wire Hardware Co.* 267 Mass. 52, 69, 70.

*Decree affirmed with costs.*