ISRAEL SIEGEL & another, trustees, *vs.* FRANK M. KNOTT.

Suffolk.    April 3, 1945. — May 8, 1945.

Present: FIELD, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Res Judicata.    Evidence,* Competency.

After the plaintiff's opening in an action in which the defendant, among other defences, had set up res judicata, there was no error in allowing a motion by the defendant that the action be heard upon that defence and, upon its being established, in ordering a verdict for the defendant.

A transcript of the evidence, including the plaintiff's opening, taken at the trial of an action was admissible on the issue of res judicata at the trial of a subsequent action between the same parties.

The defence of res judicata was established in an action where, although there were differences between the declaration therein and the declara-

tion in a previous action between the same parties in which a verdict for the defendant had been ordered and judgment had been entered accordingly, and there might have been a variance between the declaration and the proof in the previous action, it did not appear whether or not the verdict in the previous action had been ordered on the ground of variance and it did appear that in the previous action the plaintiff had made no attempt to secure a review of the ordering of the verdict for the defendant or to amend the declaration to conform to the proof, and a comparison of the evidence in the previous action with the plaintiff's opening in the later action showed that the plaintiff relied in both actions on the same breach of agreement.

CONTRACT OR TORT. Writ in the Superior Court dated April 16, 1943.

After the decision by this court reported in 316 Mass. 526, the action was tried before *Dowd*, J.

*M. Rosenthal*, for the plaintiffs.

*J. H. Devine*, (*J. R. Spence* with him,) for the defendant.

DOLAN, J. This is an action of contract or tort which comes before us for the second time. When the case was here before upon the appeal of the plaintiffs from an order sustaining the demurrer of the defendant to the plaintiffs' declaration, this court ordered that the order sustaining the demurrer be reversed and that an order be made overruling the demurrer. *Siegel* v. *Knott*, 316 Mass. 526. After rescript, the case came on for trial in the court below before a jury. Among other defences set up in the defendant's answer was res judicata based upon the ground that the cause of action set forth in the plaintiffs' declaration had been tried before in the Superior Court between the same parties as in the present case, and that after a directed verdict judgment had been entered therein for the defendant. At the close of the plaintiffs' opening the defendant presented a motion that the case be heard upon the defence of res judicata. The motion was allowed subject to the plaintiffs' exception. In this there was no error. See *Elfman* v. *Glaser*, 313 Mass. 370, 371. Thereupon a transcript of the evidence taken in the former case between the same parties, including the opening to the jury by counsel for the plaintiffs, was offered in evidence by the defendant and was admitted subject to the plaintiffs' ex-

ception. That evidence was admissible. *Amory* v. *Assessors of Boston*, 309 Mass. 162, 164. After its admission the judge allowed the defendant's motion for a directed verdict in his favor, subject to the plaintiffs' exception, and the jury returned a verdict accordingly. The motion was that the judge direct a verdict for the defendant "on the plaintiffs' opening and the evidence offered by the defendant in support of the affirmative defence of res judicata." In directing the jury to return the verdict the judge instructed the jury as follows: "In this case the court orders you to bring in a verdict for the defendant on the plaintiffs' opening and the evidence offered here before me, which was submitted in the form of papers, and on that evidence I rule that the plea made by the defendant of res judicata has been sustained here, and I order you to bring in a verdict for the defendant."

The sole contention of the plaintiffs is that the actions of the judge in sustaining the defence of res judicata and in directing the jury to return a verdict for the defendant were not warranted upon the evidence.

In the declaration in the present case the plaintiffs allege, in substance, that as trustees of a trust which owned certain premises in Boston subject to a first mortgage held by a bank and a second mortgage held by the defendant, they made an oral agreement with the defendant in February, 1939, by which the plaintiffs agreed to pay the interest monthly upon the first mortgage on said real estate, although by the terms of that mortgage interest was payable quarterly, and the defendant agreed that monthly payments on his second mortgage might be made at any time before the next succeeding monthly payments became due, that the payments by the plaintiffs for interest to the first mortgagee, for taxes and for a stoker, which were to be made monthly, might be made before the next succeeding payments became due, and that the plaintiffs might pay the water charges as best they could provided all such charges were paid in full before the end of 1939. The declaration further alleged that the parties acted under such agreement until May 31, 1939, when, although there was no breach

of the agreement by the plaintiffs, the defendant, in violation of the agreement which was then existing, took possession of the mortgaged premises and caused the plaintiffs the loss of their property. See *Siegel* v. *Knott*, 316 Mass. 526, 527.

In the prior case tried between the parties the plaintiffs alleged that they as trustees were owners of the same real estate as that involved in the present case, that the defendant was the holder of a mortgage thereon, and that "in June of 1939, there being no breach of said mortgage then existing, the defendant, without the right so to do, foreclosed the said mortgage, whereby the said property was lost to the Trust to its damage."

At the trial of the present case, in his opening address to the jury counsel for the plaintiffs set forth in detail facts proposed to be proved in support of the allegations of their declaration with respect to the oral agreement relied upon by them.

The evidence presented at the trial of the first action between the same parties (case No. 367240, Superior Court, Suffolk County) is incorporated in the record of the present case. We have examined the evidence that was adduced by the plaintiffs in that action. Almost at the outset of that trial the plaintiffs conceded that the agreement relied upon was not in writing but was oral. There was nothing in the evidence offered by them tending to show a breach of any written agreement made by the defendant with them. All of the evidence introduced by the plaintiffs at the trial, which lasted for four days, bore upon the question whether an oral agreement had been made between the parties at variance with the terms of the mortgage deeds themselves and had been broken by the defendant. There is nothing in the evidence to warrant the conclusion that the plaintiffs were relying in that case upon any other than the alleged oral agreement set forth by them both in their declaration and in the opening address of their counsel in the case now before us. A comparison of the evidence adduced in the prior case between the parties with the opening address of counsel for the plaintiffs in the present case demonstrates that in the

former case the same transactions as those now relied upon by the plaintiffs were then in issue and tried, notwithstanding the differences in the allegations of the respective declarations, and that during the entire course of the trial no suggestion of variance between allegations and proof was made by any of the parties. The plaintiffs do not now contend otherwise, but argue that the cause of action declared upon in the first case, namely, a breach of a written real estate mortgage and therefore a wrongful foreclosure, was not proved in the trial of that case, that no evidence properly could have been considered except what was relevant thereto, that the evidence of the oral agreement (now relied on) was at variance with the pleadings, and that it was for that reason that the judge directed a verdict for the defendant.

In directing the jury to return a verdict for the defendant in that first action the judge said in part: "I am convinced, Mr. Foreman and gentlemen, on the evidence, on the pleadings and on the law, even if you believe the plaintiff one hundred per cent, believe all his evidence, that as a matter of law they would not be entitled to recover in this action."

We are not called upon to speculate with respect to whether the action of the judge in directing the verdict for the defendant in the first action was actually based upon the ground of variance or upon the evidence without regard to variance. The plaintiffs accepted the adjudication in that case without attempting to secure review of rulings of law there made, and are bound by it no matter upon what basis judgment in that case was entered for the defendant. The evidence presented in that action is before us only for the purpose of determining whether the same transaction, act or agreement was the true basis of the cause of the action however declared upon. We are of opinion that the evidence manifests that the first action was in essence based upon the same alleged transactions, acts or agreements as are relied upon in the present action by the plaintiffs. The evidence adduced by the plaintiffs relative to the oral agreement relied upon at the trial of the first action was admitted without objection or question of variance. The plaintiffs having introduced the evidence themselves, pre-

sumably hoping to benefit by it, cannot now be heard to assert that it was not admissible. *Wireless Specialty Apparatus Co.* v. *Priess,* 246 Mass. 274, 278–279. By appropriate amendment of the pleadings, which the plaintiffs made no attempt to have allowed, that evidence would become relevant and have its probative value, in connection with the oral agreement then in fact relied upon, and now attempted to be made the subject of a new action based upon the same alleged transactions. The plaintiffs had ample opportunity in the first action to state their cause of action completely and correctly so as to have their pleadings conform to the proof, but they failed to do so, and the doctrine of res judicata applies where the issues have been fully tried, and in cases where the opportunity just referred to exists but is not embraced. *Whitney* v. *Whitney,* 299 Mass. 547, 551. See *Berwin* v. *Levenson,* 311 Mass. 239, 246.

The governing principles are summed up by the court in *Mackintosh* v. *Chambers,* 285 Mass. 594, 596–597, as follows: "The statement of a different form of liability is not a different cause of action, provided it grows out of the same transaction, act, or agreement, and seeks redress for the same wrong. . . . The effect of a former judgment, if admissible, depends not upon the form of the pleadings but upon the essence of the violation of legal right on which pleadings are founded. Two actions are not necessarily. for different causes of action simply because the theory of the second would not have been open under the pleadings in the first. A party cannot preserve the right to bring a second action after the loss of the first, merely by having circumscribed and limited the theories of recovery opened by the pleadings in the first." See *Elfman* v. *Glaser,* 313 Mass. 370, 375.

*Exceptions overruled.*