# RESCRIPTS WITHOUT OPINIONS.

Pursuant to the requirements of G. L. (Ter. Ed.) c. 211, § 9, the Reporter publishes the following:

MAX STRASNICK vs. AMERICAN WOOD PRODUCTS CORP. & others. January 2, 1946. Decree affirmed with costs. The bill alleges wrongs to a corporation in which the plaintiff is a minority stockholder, done by one Berns who owns or controls a majority of the stock. It alleges also wrongs done by the same Berns to the plaintiff individually with respect to a note owed by the plaintiff to another corporation controlled by Berns, to secure which the plaintiff pledged his minority stock in the first named corporation. The demurrer was properly sustained on the ground of multifariousness, if on no other ground. The case is governed by *Whitney* v. *Whitney*, 296 Mass. 13. Following the sustaining of the demurrer, the bill was properly dismissed.

The case was submitted on briefs.

*J. C. Johnston*, for the plaintiff.

*S. T. Lakson*, for the defendant.

WILLIAM H. BEST vs. FRED P. GUPTILL & another. January 10, 1946. Orders denying jury issues affirmed. These are appeals from orders of the Probate Court denying motions for jury issues in the matter of the alleged will of Lizzie J. Burgess, late of Quincy, deceased. There was no error. We are unable to say upon the statements of expected evidence, making due allowance to the conclusion of the probate judge, that there were "a genuine and doubtful question of fact" and "a reasonable hope for a result favorable to the party requesting the framing of issues." *Fuller* v. *Sylvia*, 240 Mass. 49, 53. *Slater* v. *Munroe*, 316 Mass. 129, 131–132.

*C. C. Steadman*, (*O. Titiev* with him,) for the contestants.

*E. O. Proctor*, for the petitioner.

MAY T. BRAY vs. GEORGIANNA B. STORY & others. January 29, 1946. Decree affirmed. This is an appeal from a decree entered in the Probate Court allowing a certain instrument as the last will and testament of Lillian M. Smith. The decree contains findings that the instrument is the last will and testament of the deceased, that it was legally executed, and that at the time of making the same the deceased was of full age and of sound mind. The appellants' sole contention is that the finding of the judge that the deceased was of sound mind at the time of the execution of the instrument is plainly wrong. The judge made no report of the material facts found by him, but the evidence is reported. We have examined the evidence in accordance with our duty under the familiar rule. *Hiller* v. *Hiller*, 305 Mass. 163, 164. Its narration would add nothing to our jurisprudence. We are of opinion that the findings of the judge expressed and implied in the decree entered by him cannot be said properly to be plainly wrong. There is evidence that justifies the entry of the decree.

*H. A. Simon*, for the respondents.

*C. R. Clark*, for the petitioner.