IRVING SPECTOR *vs.* PAUL LORECK & another.

Suffolk.   May 2, 1961. — June 6, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, KIRK, & SPIEGEL, JJ.

*Res Judicata. Equity Pleading and Practice,* Demurrer, Class suit, Decree, Parties. *Equity Jurisdiction,* Other remedy, Class suit. *Unincorporated Association.*

Where a demurrer is sustained to the bill in a suit in equity because the plaintiff has not stated a case entitling him to relief in equity, and he fails to seek an amendment of the bill in accordance with leave to amend and a final decree is entered dismissing the bill, the decree does not bar a subsequent proceeding between the same parties for the same cause since there has been no adjudication thereof on the merits. [687]

In a suit in equity to recover for tortious damage to the plaintiff's property against two persons "individually and . . . designated as the representatives of the membership of" an unincorporated labor union, the members of which were alleged to be too numerous to name, lack of an adequate remedy at law was not a valid ground of equitable jurisdiction even if at law all the members of the union would have to be made

parties, and, where that ground was the only ground of equitable jurisdiction alleged in the bill and a demurrer thereto was sustained for want of equity and no amendment was sought in accordance with leave to amend, it was proper to enter a final decree dismissing the bill without prejudice.   [687–688]

BILL IN EQUITY, filed in the Superior Court on June 29, 1960.

The defendants appealed from a final decree entered by *Murray, J.,* dismissing the bill without prejudice.

*Walter R. Donovan,* for the defendants, submitted a brief.

*Richard Simonian,* for the plaintiff.

SPALDING, J.   The plaintiff brings this bill in equity against Paul Loreck and Joseph Fiascone, "individually and as officers, agents and members of the Boston Joint Board, Amalgamated Clothing Workers of America and designated as the representatives of the membership of said union." He seeks to recover for property damage to his automobile allegedly caused by certain material falling from the portion of a building leased by the union. The defendants, appearing individually, demurred. The demurrer contained five grounds. Three of them were to the effect that the plaintiff had an adequate remedy at law; the other two were that the plaintiff had not stated facts that would entitle him to relief against the defendants in their individual capacities.

The demurrer was sustained on October 4, 1960, and leave to amend was subsequently extended to November 29, 1960. No motion to amend was filed, and a final decree was entered dismissing the bill *without* prejudice. A motion of the defendants asking that the bill be dismissed *with* prejudice, but without costs, was denied. From this decree of dismissal, the defendants appealed. The sole issue is whether the bill should have been dismissed without prejudice. More generally, the question is whether the decree entered on the demurrer shall constitute a bar to a subsequent litigation for the same cause. See *Ogens* v. *Northern Industrial Chem. Co.* 304 Mass. 401, 402–403.

Normally, a judgment for a defendant founded on a demurrer is not a bar to a subsequent action because ";such a judgment commonly is based not on the merits but upon the insufficiency of the statement of the cause of action." *Whitney* v. *Whitney,* 299 Mass. 547, 550–551. See *Elfman* v. *Glaser,* 313 Mass. 370, 373; *Hacker* v. *Beck,* 325 Mass. 594, 597. Compare *Abbott* v. *Bean,* 295 Mass. 268, 273. "There is, however, a well established exception to this general rule, and a judgment in the earlier action following the sustaining of a demurrer is a bar to a second action . . . where the plaintiff had been granted leave to amend his earlier declaration and had neglected or refused to do so." *Hacker* v. *Beck, supra,* at page 597. The judgment rendered on a demurrer in these circumstances " 'commonly is treated as based on the merits.' " *Whitney* v. *Whitney,* 299 Mass. 547, 550. But this exception does not apply where, as here, a suit is brought in equity and a demurrer is sustained because the plaintiff has not stated a case which entitled him to relief in equity. *Levinton* v. *Poorvu,* 293 Mass. 338, 345. *Curley* v. *Curley,* 311 Mass. 61, 66. The reason is that a dismissal in such circumstances is not an adjudication on the merits. Compare *Whitney* v. *Whitney, supra,* at page 551.

There was here no possible basis for equitable relief and there can be no doubt that the demurrer was sustained on this ground. The plaintiff is attempting to recover for a tort, a legal rather than an equitable wrong. The defendants are two officials of a labor union and are named as representatives of a voluntary association, the members of which, it is alleged, are too numerous to name. If there were some independent equitable basis for the suit, this would have been a proper way to proceed. See *Reynolds* v. *Davis,* 198 Mass. 294, 296, 300–301; *Donovan* v. *Danielson,* 244 Mass. 432, 435–437; *Donahue* v. *Kenney,* 327 Mass. 409, 410–412; *Caton* v. *Reuther,* 341 Mass. 547, 553. But the only ground for equitable jurisdiction asserted by the plaintiff is that there is no adequate remedy at law, presumably because at law all of the members of the associa-

tion would have to be made parties. This ground is not good, because it has been held that in such a case there is an adequate remedy at law. In *Maguire* v. *Reough,* 238 Mass. 98, 100, where the precise point was involved, it was said, "If the plaintiff desires to hold each of . . . [the members of the union] liable, there is nothing inequitable in requiring that each should have due notice and an opportunity to defend. If . . . [he] is content to look to some of the members, they must supply . . . [him] with the names of the others if they plead non-joinder. . . . Undoubtedly the necessity of joining all the members as defendants at law makes the expense of process greater than in equity, where a number of members may be made parties defendant as representatives of the class. . . . But that does not constitute a subject for equity jurisdiction. . . . [The plaintiff] would be reimbursed in costs for the expense of service." See *Morse* v. *International Trust Co.* 259 Mass. 295, 300–301; *Waters* v. *Boyden,* 275 Mass. 564, 566–567; *Ball* v. *Harrison,* 314 Mass. 390, 391; *Parkway, Inc.* v. *United States Fire Ins. Co.* 314 Mass. 647, 651. Ordinarily a bill in equity cannot be maintained to obtain precisely what the plaintiff can secure by an action at law. *Proctor* v. *MacClaskey,* 278 Mass. 238, 242. Otherwise the constitutional right to trial by jury would be infringed. *Parkway, Inc.* v. *United States Fire Ins. Co., supra,* at pages 651–652, and cases cited.

The defendants were not entitled to a decree dismissing the bill with prejudice and the decree below is affirmed. The plaintiff is to have costs of this appeal.

*So ordered.*