RICHARD J. MARTIN *vs.* FRANCIS J. HUNT. April 28, 1967. This bill in equity seeks an accounting of partnership profits, discovery rights, the cancellation of a "release," and money damages. The defendant Hunt's plea in bar, based on res judicata, was sustained, and a final decree was entered dismissing the bill as to him. The plaintiff appealed. The plea in bar was rightly sustained. The trial judge found that the plaintiff had previously filed in the Superior Court a bill against Hunt which contained every allegation and prayer to be found in the present bill and did not substantially differ from it. The earlier proceeding was removed to the United States District Court for the District of Massachusetts. There Hunt's motion to dismiss was granted on the ground that the bill was argumentative and included extraneous and irrelevant allegations. The plaintiff was allowed to file an amended bill, but this was dismissed on similar grounds. The plaintiff's appeal from that decision to the Court of Appeals was dismissed for want of prosecution. It is established that "a judgment in . . . [an] earlier action following the sustaining of a demurrer is a bar to a second action for the same cause of action where the plaintiff had been granted leave to amend his earlier declaration and had neglected or refused to do so." *Hacker* v. *Beck,* 325 Mass. 594, 597. See *Whitney* v. *Whitney,* 299 Mass. 547, 550; *Elfman* v. *Glaser,* 313 Mass. 370, 373–374. The same rule should apply where a pleading is dismissed as defective and an amendment is filed which fails to cure it. In each instance the plaintiff has been given two chances to state his case and is not entitled to burden the courts and the opposing parties with further attempts.

*Final decree affirmed.*

*Richard J. Martin,* pro se.
*Charles S. McLaughlin* for the defendant.

PHYLLIS SALACH *vs.* WINCENTA BUCHOWSKI & others. April 28, 1967. In the matter of the alleged will of the late Frank Wojciechowicz, two groups of contestants moved to have jury issues framed on (1) execution, (2) testamentary capacity, and (3) fraud and undue influence. The judge allowed an issue to be framed on the third ground, and the proponent appealed. We have examined the statements of expected evidence in the light of the familiar governing principles (see *Spilios* v. *Bouras,* 337 Mass. 176, 177, and cases cited) and are of opinion that the decision of the judge ought not to be disturbed. We note that one group of contestants prayed: "3. Was the execution of said alleged will of . . . Frank Wojciechowicz procured by the fraud or undue influence of Phyllis Salach *or any of them* [sic], exercised upon the said Frank Wojciechowicz?" (emphasis supplied). The third prayer in the motion of the other group was the same except that the italicised words were omitted. The decree was: "Motion allowed as to Issue number 3." This decree might apply to either motion. The issue to be framed ought not to include the italicised words. There was no expected evidence that anyone other than Phyllis Salach was charged with exercising undue influence. See *Morin* v. *Morin,* 328 Mass. 33.

*The decree, as herein limited, is affirmed.*
*Salvatore J. Basile* (*Edward J. Nantoski* with him) for the proponent.
*Maurice Rappaport* (*Charles W. Trombly* with him) for the contestants.