*Northern Division*

No. 7562.

GERARD S. SHEEHAN, ET AL

*v.*

NEW YORK UNDERWRITERS

Argued: Sept. 16, 1971 - Decided: Oct. 22, 1971

*Present:* Parker, P.J., Durkin, Mason, J.J.

Case tried to *Troy, J.,* in the District Court of Newton, No. 17719

**Parker, P.J.** *This is a case remanded by the Superior Court to the District Court of Newton. The plaintiffs seek recovery for property damage caused by vandalism, which was an insured peril under the policy issued to the plaintiff Sheehan by the defendant.* The plaintiffs are Gerard S. Sheehan and Charles J. Petitti. The defendant, in its answer, set up among other defenses a general denial and a

*denial of any contract of insurance* with the plaintiff Charles J. Petitti.

It was stipulated that on 4 May 1964 the plaintiff Sheehan, only, entered a writ in the Municipal Court of Brighton District for the same vandalism as alleged in the case at bar. The action in the Brighton Court was removed to the Superior Court by the defendant. On 9 October 1964 the plaintiff Sheehan was non-suited for failure to answer interrogatories. On 1 January 1965 the case went to judgment in favor of the defendant. On 6 December 1965 a petition to vacate judgment was filed in the Superior Court. This petition was not consented to nor was it opposed by the defendant, and on 25 March 1966 the petition was denied for failure to file a proposed amendment and bond.

On 6 May 1966 the instant action was commenced in the Superior Court by the plaintiffs Sheehan and Petitti. The case was remanded to the District Court of Newton. It appears from the docket of that court that the case was tried on 10 November 1967 *and that the court found for the plaintiff on Counts* I and II in the amount of $3200.00, which finding was filed on 27 August 1970. The report does not state who the plaintiff was in Count I nor who the plaintiff was in Count II.

The report shows that the defendant seasonably filed seventeen requests for rulings. The court did not rule on these requests.

The defendant's requests material to this opinion read as follows:

1. The evidence is not sufficient to warrant a finding against the defendant.

2. Upon the law the court must find for the defendant.

3. The evidence is not sufficient to warrant a finding that the defendant contracted with the plaintiff Charles J. Petitti to insure the property declared upon.

4. The plaintiff Charles J. Petitti cannot prevail in a contract action at law against the defendant, when Charles J. Petitti, is not a party to the contract.

It is axiomatic that a failure to rule on requests for rulings is to be considered as a denial of the ruling, unless the ruling thereon is waived.

■■■ There was error in the finding for the plaintiff Sheehan. He has had his day in court. He failed to avail himself of it. He was defaulted and failed to prosecute a petition to vacate the judgment found against him and the petition was denied on 25 March 1966. The present action was commenced 6 May 1966. Sheehan as a plaintiff has been given two chances to state and prosecute his case and is not entitled to burden the court and opposing parties with further attempts. *Martin* v. *Hunt*, 352 Mass. 774. *Hacker* v. *Beck*, 325 Mass. 594, 597.

Accordingly, there was error in the implied

denial of the defendant's requests for rulings No. 1 and No. 2 as to the plaintiff Sheehan.

█ The policy of insurance states that it "does insure the insured named above and legal representatives". The insured named in the policy is "Gerard S. Sheehan, 43 Grove Hill Ave., Newton, Massachusetts". It is plain from this that the plaintiff Petitti is not covered by the insurance. From the report and the insurance policy, which was before us as a part of the report, it is plain that the plaintiff Petitti was not insured. His name does not appear in the policy. The report shows no legal representative appearing for him. If there was a partnership between the plaintiffs Sheehan and Petitti, of which there is a suggestion in the evidence reported, there might be an action for an accounting between the two plaintiffs but on the policy the only person insured is the plaintiff Sheehan.

Accordingly, there was error in the implied denial by the court of the defendant's requests No. 4 and No. 5.

For these reasons the finding of the court is to be reversed and a *judgment is to be entered for the defendant.*

A. WILLIAM KENNEDY
for the Plaintiffs.

DONALD WIENERS
for the Defendants.