ROGER F. TURNER *vs.* CARL A. DAHLBERG. November 1, 1971. This is an action of contract for legal services. The judge has reported to us the question whether the action is barred by res judicata. We hold that it is. In a previous action against the same defendant for the same cause of action, demurrers were sustained first to the declaration and then to an amended declaration, in each instance with leave to amend. The plaintiff then moved that a second amended declaration be allowed. After that motion had been taken under advisement by one judge, the plaintiff moved to strike his declaration as amended and to substitute a new declaration, his fourth. The motion to substitute was allowed by a second judge, but he later vacated his order on motion by the defendant. Shortly thereafter the plaintiff discontinued his action and judgment was entered for the defendant. The plaintiff promptly brought the present action. "[A] judgment in . . . [an] earlier action following the sustaining of a demurrer is a bar to a second action for the same cause of action where the plaintiff had been granted leave to amend his earlier declaration and had neglected or refused to do so." *Hacker* v. *Beck*, 325 Mass. 594, 597. See *Whitney* v. *Whitney*, 299 Mass. 547, 551; *Elfman* v. *Glaser*, 313 Mass. 370, 374–378. In *Martin* v. *Hunt*, 352 Mass. 774, we held that the same rule applies when a pleading is dismissed as defective and an amendment is filed which fails to cure it. The result is no different where the plaintiff has discontinued while a motion to amend is pending. It follows, in the terms

of the report, that the plaintiff's action is barred and that the defendant's motion for summary judgment should be allowed.

*So ordered.*

*Roger F. Turner,* pro se.
*Laurence S. Fordham* for the defendant.