*Southern Division*

No. ...............

**MILDRED DAVIS**

v.

**PETER G. REZENDES**

*Present*: Nash, P. J. and Cox, J.

Case tried to CALLAN, J., in the Fourth Plymouth District Court. No. 10,288.

*Cox, J.* This is a claim, under the procedure established for small claims, for a broker's commission of $50.00. G. L. c. 118, §§21-25; See: Rules 1 to 16 of Rules for Small Claims Procedure as appearing in Rules of the District Courts (1952). By way of answer, the defendant denied the claim and stated that the matter had been tried and decided in his favor, therefore, the plaintiff was barred from recovery by reason of *res judicata.*

*There was testimony given by the plaintiff,* the only witness, which would warrant a find-

ing that the plaintiff had earned the commission. She also testified this was the same claim she had previously sought to have determined in this court under the small claims procedure and that judgment had been rendered for the defendant in the earlier case, S. C. No. 10229. The defendant filed two requests for rulings as follows:

"Upon all the evidence the plaintiff is not entitled to recover."

"The finding of this Court in Small Claims No. 10229 of 1957 is *res adjudicata* as to this case and the plaintiff cannot recover."

The judge found for the plaintiff in the sum of $50.00 and allowed $1.50 as costs.

The defendant claiming to be aggrieved by the finding for the plaintiff and the denial of his requested rulings, the judge reported the case. Rule 16 of Rules for Small Claims Procedure, appearing in Rules of the District Courts (1952) provides:

"If any question of law arises under this procedure which the court is of the opinion requires review, it may submit the matter, in the form of a report of a case stated, to the Appellate Division. The report shall go on the next calendar of that Division, shall take precedence over other business, no briefs shall be required, and the order of the Appellate Division thereon shall not be appealable." This rule requires the matter submitted for review by the Appellate Division to be in the form of a report of a case stated.

■ As the instant case is upon a case stated, the requests for rulings reported have no standing and present no question of law. *City of Quincy v. Brooks-Skinner, Inc.*, 325 Mass. 406, 410, 411.

■ Our duty is to see that the correct judgment is entered on the reported facts, without regard to requests for rulings. *Howland v. Stowe*, 290 Mass. 142, 146. No briefs have been filed, nor were any required under the rule, and there were no arguments before us.

■ In this report the judge states: "In the case of Mildred Davis v. Peter G. Rezendes, Small Claims No. 10229, my finding was for the Defendant as above set forth; however, my finding in that particular case was based on a finding that the *case was prematurely brought* but this finding was not recorded in the record of the case, the finding merely being 'for the Defendant, Peter G. Rezendes'." The decisive question presented is whether the plaintiff's claim is barred by the judgment for the defendant in the former case, No. 10229. The judge reports that the earlier case was based on a decision that it was prematurely brought. That being the fact, there has been no prior judgment rendered upon the merits of the claim which would bar the present proceeding. *Waterhouse v. Levine*, 182 Mass. 407, 409. *Warner v. City of Pittsfield*, 231 Mass. 138, 142. *Curley v. Curley*, 311 Mass. 61, 66. *Hacker v. Beck*, 325 Mass. 594.

As we perceive no error of law, an order

for judgment is to be entered for the plaintiff on the finding.

Justice Callan took no part in this decision.

............................... attorney for plaintiff.
............................... attorney for defendant.