*Northern District*
## No. 5844
**HAROLD C. MORROW**
v.
**ROBERT McLAUGHLIN**
May 8, 1964

*Present*: Brooks, P. J., Eno & Connolly, JJ.

Case tried to *Harrington, J.* in the District Court of Eastern Middlesex. No. 17231.

*Brooks, P. J.* This is an action in contract to recover damages from defendant, a subcontractor, incurred by plaintiff as a result of defendant's breach of his contract in using inferior materials on a tile job for plaintiff, who was the prime contractor employed by one Sears in work upon the property of one DeRobertis, a customer of Sears.

On the date set for the hearing defendant's counsel moved to dismiss the action on the ground that the matter was *res adjudicata*. The court allowed the motion to dismiss and the plaintiff duly appealed.

The facts upon which the plea of *res ad-*

*judicata* was based were as follows: The same plaintiff, Morrow, in a suit docketed as 16393 in the District Court of Eastern Essex attached funds of the same defendant, McLaughlin, in the hands of Sears Trustee. Plaintiff's claim was identical with the claim in the suit before us. However, prior to service into negotiations with the result that the suit on defendant, counsel for both parties entered was never entered in court. Consequently, no finding was ever made against defendant.

At the time of the foregoing negotiations, plaintiff's attorney, Mr. Ayers, the same presently representing plaintiff, took from defendant's attorney, Mr. Nearis, who likewise presently represents defendant, a receipt reading as follows: "Received of Charles L. Ayers $275.00 McLaughlin v. Morrow et al in full, M. B. Nearis Attorney." The only docket entry in that case was discharge of Trustee.

■ We concur in the action of the trial judge in allowing defendant's motion to dismiss the present case. However, we do so on somewhat different ground.

■ To substantiate a plea of *res adjudicata* there must be an adjudication. *McCarthy v. William A. Wood Lumber Company,* 219 Mass. 566. There Rugg, C. J. said at p. 567:

"Res judicata in its fundamental conception means that an issue of law or fact, once determined on its merits by the judgment of a court of competent jurisdiction, constitutes a bar to any

further litigation upon the same matter either by the parties or by their privies."

There was clearly no judgment and consequently no adjudication in this case.

On the other hand there was an accord and satisfaction "in full."

*Report dismissed.*

Charles L. Ayers, of Gloucester, for the Plaintiff.
Merrill B. Nearis, of Gloucester, for the Defendant.