*Southern District*

**AGNES ABIZAID**

v.

**SAIDA ABIZAID**

*Present*: Nash, P. J., Cox & Murphy, JJ.
Case tried to *Lee, J.* in the Fourth District Court of Bristol. No. 21320.

*Murphy, J.* This is an action instituted by a writ dated October 5, 1962, returnable and entered on October 22, 1962, to the District Court of Western Norfolk, numbered 22288 on the docket of said court.

The declaration is in four counts. Count 1, to recover certain chattels stored at the defendant's dwelling in Plainville, Massachusetts. Count 2, for reimbursement for water and electric bills paid by the plaintiff. Count 3, for conversion of personal property and chattels to the value of $300. Count 4, to recover personal property held by the defendant for payment of rent.

The defendant filed an answer in abatement and another answer without waiving the answer in abatement. Subsequently, the case was transferred by agreement upon order of the judge from Western Norfolk to the Fourth District Court of Bristol, and there was a hearing held on the defendant's answer in abatement at which arguments of counsel were heard, and there was certain documentary evidence, consisting of certified copies of the docket entries and certain pleadings of two prior cases between the same parties; that is, a contract action No. 18272 by the defendant here from the Fourth District Court of Bristol, and a summary process

proceeding No. 19552 by the defendant here from the District Court of Western Norfolk. No oral testimony was offered at the hearing on the answer in abatement.

The defendant filed the following requests for rulings on her answer in abatement. The defendant as to his answer in abatement respectfully requests the court to rule as follows therein:

(1.) Inasmuch as the plaintiff's action for conversion originally occurred on December 4, 1959, and two years had elapsed at the time this suit was begun, the answer in abatement is to be sustained as to Counts 1, 3, and 4 for conversion. G. L. c. 260, §4.

(2.) Upon Counts 1, 2, 3 and 4, the subject of this suit was previously tried and determined in the Fourth District Court of Bristol, in the case of *Saida Abizaid v. Agnes Abizaid,* docket No. 18272 therein, and the answer in abatement herein, is to be sustained upon the basis of Res Adjudicata.

(3.) The court found in the case of *Saida Abizaid v. Agnes Abizaid,* No. 18272 in the Fourth District Court of Bristol as follows: "I find that—the defendant who had previously put her property on the plaintiff's land with the plaintiff's permission, refused and neglected to remove such property at the request of the plaintiff". Said finding is tantamount to a finding of abandonment of the goods by this plaintiff and is res adjudicata upon the

three counts for conversion herein, and the action is to be abated accordingly.

(4.) That in said case in the Fourth District Court of Bristol the court's findings,

    (a) that the plaintiff therein "is entitled to rent in Count 1"

    (b) that the plaintiff is to be "paid for use and occupancy of plaintiff's other premises"

    (c) that the defendant be credited for adjustments as shown in said finding, are decisive upon the issue and are res adjudicata on Count 2 of the instant action, and the answer in abatement is to be sustained upon Count 2.

(5.) The answer in abatement is to be sustained and the proceedings dismissed, and costs assessed to the plaintiff.

The plaintiff filed no requests for rulings of law, nor introduced any documentary evidence at the hearing on the defendant's answer in abatement.

The judge filed a summary of his findings and rulings as follows: "I find for the defendant on her answer in abatement. As to the defendant's requests for rulings, they are all allowed. I find the plaintiff is barred from this present action because of the defense of Res Adjudicata and Statute of Limitation. All the counts in the present suit were resolved, or could have been resolved, in a prior suit between the same parties not only upon the issues that were actually tried, but upon

all the issues which might have been tried in a former action so that a new action for the same cause of action between the same parties cannot be maintained, or defended, on the grounds that it might have been tried and determined in the former action." *Foye v. Patch,* 132 Mass. 105 @ 110; *Shapiro v. Park Trust Company,* 253 Mass. 383, 389; *Willet v. Webster,* 337 Mass. 98, 100.

The writ sounds actions in tort and conversion, although it is obvious that Count 2 of the declaration is an action of contract, and Counts 1, 3 and 4 are actions for conversion. Strictly speaking, conversion is a different cause of action than was brought in a previous suit, but the subject matter of the counts in conversion were aired fully in the previous case or could have been so aired. See court's finding in (*Abizaid v. Abizaid,* Fourth District Court of Bristol, No. 18272). It is incumbent upon a judge to summarily dispose of issues which might be determinative of the whole case, thereby avoiding unnecessary public and private expense, G. L. (Ter. Ed.) c. 231, §34.

But there is also another ground for barring Counts 1, 3 and 4, conversion is one of those actions set up by statute. In addition to those which survive by common law, and is to be commenced within two years of the conversion. G. L. (Ter. Ed.) c. 260, §4. Counts 1, 3 and 4 are barred by the Statute of Limitation as the plaintiff in the amended Count 4 of the declaration states that she

made demands for certain articles on the subject of this suit as of December 31, 1959, the date she terminated the premises, and yet the suit was not commenced until October 5, 1962.

The plaintiff claims to be aggrieved by the findings contained in the "memorandum" of the trial judge in his allowance of defendant's requests for rulings 1, 2, 3 and 4.

■ Ordinarily, in order to save a question of law for report to the Appellate Division, it is necessary to file a request for a ruling. G. L. c. 231, §108. *Perry v. Hanover,* 314 Mass. 167. However, in the instant case, the answer in abatement being decisive of the case and being based on the record which cannot be disputed, the appeal is properly before us on the defendant's request for a report alone, and that suffices to raise the question of whether the action of the judge in allowing the plea was proper and there is no need for a request for a ruling. *Barton v. Cambridge,* 318 Mass. 420.

■ The question for us to decide is whether the judge was right in allowing the answer in abatement which sets forth that this cause of action had been previously determined by a judgment of the court favorable to the defendant in a suit between the same parties in the Fourth District Court of Bristol, Docket No. 18272.

The pleadings and the record reveal:

(1.) That the suit was between the same parties.

(2.) That the suit is upon matters which were involved in both actions.

(3.) That the first action No. 18272 was decided against the party now attempting to litigate all or a good part of the same subject matter in this action.

The trial judge in a memorandum filed with the report clearly sets forth the reasons for sustaining the answer in abatement and cites several pertinent cases to substantiate this ruling. It is not necessary for us to discuss those findings at length. The plaintiff did not argue, filed no requests for rulings, nor did she present any evidence at the hearing.

Furthermore, the judge who heard both cases was very explicit in his findings, and it is apparent he was completely satisfied that the subject matter in the second suit was or could have been completely litigated in the prior action. We see no reason to disturb these findings, and this being the case, the action of the judge in allowing the plea was correct. *Foye v. Patch,* 132 Mass. 110; *Shapiro v. Park Trust Company,* 253 Mass. 389; *Willet v. Webster,* 337 Mass. 98.

■ A judgment or decree is conclusive evidence of the facts therein decided in all subsequent suits between the same parties. It is conclusive on every issue *that was or might have been litigated. McGaw v. Beals,* 272 Mass. 334; *Franklin v. North Weymouth Co-operative Bank,* 283 Mass. 275; *Ratner v. Rockwood Sprinkler Co.,* 340 Mass. 773.

We have examined all of the contentions raised by the defendant in his brief, there was no prejudicial error, and an order should be entered dismissing the report.

Sullivan & Sullivan, of Boston, for the Plaintiff.

Puchulo & Welsh, of Wrentham, for the Defendant.