*Northern District*
No. 8179
**ELEANOR FITZGERALD, ET ALS**
v.
**NANCY H. GRANVILLE**

Argued: Mar. 21, 1974 - Decided: June 7, 1974

*Present:* Flaschner, C.J., Flynn, J. and Bacigalupo, J.

Case tried to *King, J.* in the Municipal Court of Dorchester District. No. 50318 of 1971.

**Bacigalupo, J.** In this action in tort the trial court found for the plaintiff Eleanor Fitzgerald in the amount of $550.00 on Count 1 and $75.00 on Count 2 of the declaration for damages sustained by her as the result of the alleged negligent operation of a motor vehicle by the defendant.

The defendant in her answer pleaded a general denial and further answered that the cause of action of the plaintiff, Eleanor Fitzgerald, is barred by the doctrine of *res judicata*.

The report, which contains "all the evidence material to the question reported" sets forth the following:—

"At the trial, the defendant offered in evidence a plaintiff's execution (court error states "defendant's execution") in the case of Nancy H. Granville v. Eleanor Fitzgerald, Small Claims # 1302 of 1969, dated 2-6-70, resulting from a *default judgment* entered on 1-23-70. This case and the instant case arise out of the same cause of action. Judgment in that case was never vacated. The execution has never been honored, nor was a petition to vacate judgment ever filed in court. The trial of the instant case was held on 10-24-72. In the course of trial and before final arguments, the defendant made the following request for ruling:

    1.  On all the credible evidence, the Plaintiffs' are not entitled to recover damages on Counts I, II, III, IV, V, and VI of the plaintiff's Declaration."

The defendant, claiming to be aggrieved by the court's denial of her request for ruling as it relates to Counts I and II of the declaration seasonably claimed a report to this Division.

The narrow issue before us is whether the *default judgment* obtained by the present defendant, against the plaintiff in this case, Eleanor Fitzgerald, was *res judicata* and operated as a bar to this action.

We answer in the negative and hold that the trial court did not err in denying the defendants' request for ruling as it applied to Counts 1 and 2 of the plaintiffs' declaration.

[1.] *Res judicata* is an affirmative defense and the burden of proof rests on the party asserting the defense. *Hacker* v. *Beck,* 325 Mass. 594, 598; *Day* v. *Crowley,* 341 Mass. 666, 670; *Mottla Proof of Cases,* 2nd Edition, Sec. 1108.

"It is a general rule that a judgment on its merits in a former action between the same parties is a bar, as to every issue which in fact was or in law might have been litigated to later action upon the same cause." *Magew* v. *Beals,* 272 Mass. 334, 338 and cases cited; *Abizaid* v. *Abizaid,* 33 Mass. App. Dec. 78, 85.

In order for a judgment in one action to operate as a bar to a subsequent action upon principles of *res judicata,* one of the fundamental requirements is that the judgment in the prior action be shown to have been a judgment on the merits. *Hacker* v. *Beck,* 325 Mass. 594, 597; *Curley* v. *Curley,* 311 Mass. 61, 66.

In *Farnum* v. *Brady,* 269 Mass. 53, 55, the court said "Res judicata is not a defence unless a judgment has been rendered on the merits . . . . a cause of action once finally

determined, without appeal, between the parties, on the merits, by any competent tribunal, cannot afterwards be litigated by new proceedings either before the same or any other tribunal. But no such effect is attributable to a decree dismissing a bill for want of jurisdiction, failure of prosecution, want of parties, *or for any other cause not involving the essential merits of the controversy.*'' See also: *Morrow* v. *McLaughlin,* 28 Mass. App. Dec. 120; *Davis* v. *Rezendes,* 16 Mass. App. Dec. 30, 32.

In *Pontiff* v. *Alexander,* 320 Mass. 514, 516, the court said: ''Whether the case in the Superior Court was disposed of by a judgment on the discontinuance (citation) or by a judgment of nonsuit is of no importance, for in either case the judgment, not being on the merits, would not bar the present action.'' See also: *Wright Machine Corporation* v. *Seaman Andwall Corporation* decided by the Supreme Judicial Court March 4, 1974; *Fabrizia* v. *U. S. Suzuki Motor Corporation,* 289 N.E.2d 897.

To the same effect see Restatement of ''Judgments'', § 58 which reads as follows:

''Where the same facts constitute a ground for defense to the plaintiff's claim and also a ground for a counterclaim, and the defendant fails to allege these facts either as a defense or as a counterclaim, he is not precluded from relying upon them thereafter in an action

brought by him against the plaintiff. The defendant has had his day in court in so far as the plaintiff's claim against him is concerned, and his failure to interpose a defense to the plaintiff's claim precludes him from thereafter asserting the defense (see § 47). His claim against the plaintiff, however, is a different cause of action from the plaintiff's claim against him, and is not merged in the judgment given in the action on the plaintiff's claim. It is immaterial whether in the plaintiff's action against him he defaulted or interposed a defense setting up facts other than those which formed the basis of his claim against the plaintiff.''

The single case cited by the defendant to sustain her position that a default judgment is *res judicata* in a subsequent action on the same operative facts brought by the defendant who was defaulted against the plaintiff in whose favor the default judgment was rendered is *Dearden* v. *Hey,* 304 Mass. 659. This case, clearly distinguishable on its facts, holds that all damages resulting from a specified cause of action must be assessed in one proceeding and that a single cause of action cannot be split and made the basis of several proceedings.

We fail to see the application of this principle to the case at bar.

The ruling of the trial judge is affirmed. There was no error.

The report is dismissed.

DELANEY & CORRIGAN of Boston
for Plaintiff

FINNERTY & FINNERTY of Boston
for Defendant