*Western District*

# EARLE H. HARRIS, JR., d/b/a SPRINGFIELD STEEL ERECTORS

## v.

# TRI-CITIES FABRICATING COMPANY, INC.

Argued: Aug. 18, 1975. Decided: Dec. 1, 1975.

Case tried to *Walsh, J., in* the District Court of Springfield.

Present: Gould, P.J., Cimini, Larkin, J.J.

For Defendant: Kamberg, Berman & Hendel, Springfield.

**Larkin, J.**    This is an appeal from a judgment for the plaintiff in the sum of $16,330.35. Plaintiff brought an action of contract to recover the sum of $24,034.35 for certain labors performed for the defendant or its predecessors in interest.

According to plaintiff the subject work was performed in New York State on or about June 1, 1967 and for varying periods thereafter. Defendant filed a general denial and, of particular relevance herein, expressly pleaded by way of affirmative defense the fact that a judgment had been entered for the defendant as a result of litigation commenced by the defendant's successor in interest against the plaintiff in the state courts of New York.[1] In that action the present defendant recovered the sum of $19,536.77. It is defendant's contention that since the New York judgment was rendered upon the same cause of action as set forth in the plaintiff's declaration that the New York proceedings should be deemed conclusive against the plaintiff in the present action.[2]

The record indicates that at the Massachusetts trial there was evidence to show that the plaintiff, pursuant to a contract, had performed certain work for defendant in New York state commencing in June of 1967. The record further indicates that as a consequence of the work done by plaintiff, defendant took the position that the subject work had not been completed by the plaintiff, that the work which had been performed was not satisfactory and that the defendant was thus constrained to hire other contractors to redo and complete the project which was the subject of plaintiff's contract with the defendant. As a result, and prior to the instant action, defendant filed suit in the Supreme Court of New York to recover the monies which he had been required to expend as a result of the plaintiff's alleged derelictions of performance in connection with the subject work in New York.

The evidence showed that although the plaintiff had been personally served in Massachusetts, he did not appear, answer or in any way plead in the New

---

[1] Leonard A. Weiss as Trustee in Bankruptcy of Tri-Cities Fabricators, Inc. v. Earl H. Harris, Jr., d/b/a Springfield Steel Erectors.

[2] Defendant also pleaded a number of other defenses which are of no present relevance.

York action. Accordingly a default judgment was rendered against him by the New York Supreme Court.[3] Defendant introduced evidence to show that this New York judgment was never satisfied.

In the present report the trial justice expressly found that "there was evidence to show that plaintiff's case at bar arose out of *the same occurrences and facts as those sued on by defendant in the State of New York.*" (emphasis supplied).

At the close of the evidence in the instant case, the defendant made the following requests for rulings:

1. The evidence warrant a finding for the defendant.

2. The evidence does not warrant a finding for the plaintiff.

3. The Supreme Court of New York, County of Rensselaer in Index No. 97313 entered judgment in the total sum of $20,591.00 for Leonard A. Weiss, as Trustee in Bankruptcy of Tri-Cities Fabricators, Inc. and against Earl H. Harris, d/b/a Springfield Steel Erectors.

4. To date Earl H. Harris, d/b/a Springfield Steel Erectors has not satisfied said judgment in whole or in part.

5. The judgment entered on November 17, 1969, against Earl H. Harris, d/b/a Springfield Steel Erectors is based upon the same cause of action as found in the District Court of Springfield, No. 198622 in the case of Earl H. Harris, Jr., d/b/a v. Tri-Cities Fabricating Company, Inc., et al.

---

[3] See Leonard A. Weiss as Trustee in Bankruptcy of Tri-Cities Fabricators, Inc. v. Earl H. Harris, Jr., d/b/a Springfield Steel Erectors. See Case No. 97313, New York Supreme Court, County of Rensselaer, State of New York in the sum of $19,536.77.

6. Earl H. Harris, d/b/a and Tri-Cities Fabricating Company, Inc., parties in District Court of Spring action No. 198622 are the same parties which were before the Supreme Court of New York, County of Rensselaer in Index No. 97313.

7. The judgment against Earl H. Harris, d/b/a in Index No. 97313 entered on November 17, 1969, in favor of Leonard A. Weiss, as Trustees in Bankruptcy of Tri-Cities Fabricators, Inc., for the total sum of $20,591.00 has not to date been vacated by any Court or competent jurisdiction within the State of New York.

8. A valid judgment of a sister state will be given full faith and credit in the Commonwealth of Massachusetts.

9. A case between the same parties decided in a competent court of another jurisdiction will not be reviewed here.

10. The doctrine of *res judicata* applies when there has been judicial inquiry between the same parties into subject matter involved in both actions in which the party affected by judgment had opportunity to be heard and decision was against party attempting to litigate the matter again.

11. Judgment on merits of former action between the same parties is a bar as to every issue which in fact was or in law might have been litigated in this action, to a latter action upon the same cause.

12. Judgment or decree is conclusive evidence of facts therein decided in all subsequent suits between the same parties.

13. Upon the law and the evidence a finding should be entered for the defendant.

14. Upon the law and the evidence a finding should not be entered for the plaintiff.

The court disposed of defendant's requests for rulings as follows:

Defendant's requests for rulings are disposed of as follows:

No. 1 is allowed; Nos. 2, 13 and 14 are denied; and Nos. 3 through 12 are denied as immaterial based on findings of fact made herein.

## Special Findings of Fact

This is an action of contract for labor and materials brought by a steel erection company against a contractor who was building structures in New York State. The defendant having been declared a bankrupt in the State of New York, its trustee or trustees have been added as defendant(s) in this action.

After hearing all the evidence, I find the following facts:

The plaintiff herein was a defendant in the State of New York in an action brought by the the new defendant's trustee in Bankruptcy. He failed to appear, answer or plead in that action and a default judgment was rendered against him.

I find that the default judgment obtained by the present defendant against the plaintiff in this case is not *res judicata* and does not operate as a bar to this action.

Given the factual context of this record and in the light of the trial justice's disposition of defendant's requests for rulings, this case raises squarely two basic issues: *First,* whether the prior *default* judgment obtained by the instant defendant in its New York action was *res judicata* and thus would have operated as a bar to this action had it been brought in New York instead of Massachusetts? *Secondly,* assuming, *arguendo,* that the defendant's New York judgment would generate *res judicata* radiations over any subsequent

claims brought by the instant plaintiff in future New York litigations, is the default judgment equally viable under full faith and credit principles to extinguish like claims in a cause of action brought in a sister state (here Massachusetts) and deriving from a common or identical nucleus of operative facts?

The judicial principle of *res judicata* suffers from variant definitional difficulties and is somewhat chameleon in nature, its precise content differing from context to context. However in broadest compass *res judicata* concerns itself with the effects of a prior judgment on subsequent litigation. The essence of *res judicata* is the fact that a court has already been presented with the subject matter sought now to be litigated and has rendered a judicial determination thereon.

It is said that the "principle of *res judicata* fosters reliance on judicial action, and tends to eliminate vexation and expense to the parties, wasted use of judicial machinery and the possibility of inconsistent results." See *Developments in the Law—Res Judicata* 65 Harv. L. Rev. 818, 820 (1952). The doctrine seeks a quest for finality and stability in the judicial system and is predicated on a desire that judicial determinations be conclusive between litigating parties that has been a fundamental hallmark of all systems of law. See *Millar, The Historical Relation of Estoppel by Record to Res Judicata,* 35 Ill. L. Rev. 41, (1940).[4]

---

4 Res judicata is to be distinguished from collateral estoppel. Collateral estoppel is defined as "that aspect of res judicata concerned with the effect of a final judgment on subsequent litigation of a different cause of action involving some of the same issues determined in the initial action. The usual succinct statement of the rule is that where an issue of fact or, in limited situations, an issue of law "essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between the parties and their privies." See Developments in the Law—Res Judicata supra at page 840.

It is clear that certain aspects of the *res judicata* principle are well established.

It is well settled that *res judicata* is an affirmative defense. *Hacker v. Beck,* 325 Mass. 594, 598 (1950); *Day v. Crowley,* 341 Mass. 666, 670 (1961); *Fitzgerald v. Granville,* 54 Mass. App. Dec. 180 (1974); *Mottla Proof of Cases, 2nd Edition, Sec.* 1108. This issue is not open on this record since the defendant seasonably raised *res judicata* as an affirmative defense in its pleadings and met its burden of going forward on this issue during the course of the trial in the District Court.

It has been stated that for a judicial decision to generate *res judicata effects,* it is usually required that the judgment must be "final" and "on the merits." See *e.g., Fitzgerald v. Granville,* 54 Mass. App. Dec. 180 (1974). Where the initial judicial proceeding is a full scale trial which proceeds through its usual procedural stages to a final judgment (assuming the requisite identity of issues) there is usually no serious argument against invoking *res judicata* principles to nip in the incipiency the attempt of the losing party to commence a new litigation on identical or variant facts in the same or another forum. In this situation, since there has indeed been a trial "on the merits" there is neither substantive nor conceptual difficulty in applying *res judicata* principles. The more troublesome situation, and one mirrored by this record, is where a judgment, although not entered after a full trial of the issues, complete with the full panoply of pleadings, a comprehensive presentation of evidence and, perhaps, argument by both sides, is nonetheless, in legal contemplation, *conclusive* of the rights of the parties. In short, when a legal action has been stopped short of the traditional full dress trial, the question is whether the action may still be regarded as an adjudication on the merits from the aspect of that "legal finality" which undergirds *res judicata* principles.

While a default judgment is ordinarily given without any hearing on the merits, at least in the traditional sense, where there has been adequate notice and the absence of any invalidating procedural or constitutional defect, it is in every sense a "final adjudication" — since it invokes the twin talismans of "merger" or "bar" which are the *sine qua non* of the *res judicata* inquiry. See, e.g., *Lockhart v. Mercer Tube & Mfg. Co.,* 53 F. Supp. 301 (D.C. Del. 1943); *Pine v. M. E. Conran Co.,* 51 N.Y. S. 2d 34 (Sup Ct. 1944).[5]

In 77 ALR 2d, a comprehensive annotation canvassing the subject of the *res judicata* effects of default judgment begins with the following summary of relevant law:

> "A discussion of the *res judicata* effects of a judgment by default may start with the general proposition that such judgment is *res judicata* to the same extent as one after contest . . . . The default judgment, like any final and valid judgment rendered on the merits after contest, precluding the plaintiff from thereafter maintaining an action against the defendant or his privies on the same cause of action. On the other hand, the plaintiff may maintain an action on the judgment and the defendant cannot in this action or any other proceeding relitigate the question of the validity of the cause of action upon which the judgment was rendered, or otherwise contest the existence and amount of the judgment debt." (Citations omitted) 77 ALR 2d 1410, 1418 (1959).
>
> To the same effect see *Developments in the Law —Res Judicata* 65 Har. L. Rev. 818, 839 (1952).

While there has been a diversity of terminology used by the courts in applying the doctrine of *res judi-*

---

[5] Notwithstanding the fact that these doctrines are sometimes subject to more liberal exercise of the power to vacate than might be true in the case of an ordinary judgment. See **Developments in the Law: Res Judicata, 65 Harv. L. Rev.,** supra at 839 (1952).

*cata* to the default judgment area, there seems to be a virtual unanimity of result that a default judgment is every bit as conclusive an adjudication between competing litigants of whatever is essential to support the judgment as one entered after answer and contest. See, e.g., *Morris v. Jones,* 329 U.S. 545 (1947); *Glasser v. Wessel,* 152 F. 2d 428 (2nd Cir. — 1945), Cert. denied 328 U.S. 839. For illustrative examples of this principle from the vast majority of American jurisdictions, See 77 ALR 2nd at 1419.

In Massachusetts the issue here at bar has not been presented with the precise delineation one might have expected assuming the high incidence of default judgments which occur annually in the courts. Despite this dearth of direct authority, there does exist some precedent in support of the general rule set forth above. In *Beserosky v. Mason,* 269 Mass. 325 (1929), a defendant filed a petition to vacate a default judgment arguing, *inter alia,* that such a judgment would be no protection to him (presumably against successive actions by the prevailing plaintiff) "on the doctrine of *res adjudicata.*" His contention in this regard was summarily dismissed by the Supreme Judicial Court "because unsound in law."

Accordingly, for all of the foregoing reasons we believe that the prior default judgment obtained by the instant defendant in its New York action was sufficient to generate *res judicata* principles and thus operate as a bar to the instant action at least to those subsequent actions deriving from the common cause of action and brought in the state of New York.

We turn then to the ancillary question of whether the *res judicata* ramifications of the New York default

judgment are sufficiently viable to come within the ambit of the full faith and credit principles of the United States Constitution and, likewise, operate to

bar the instant action in a Massachusetts forum.

It should be reiterated that the plaintiff at no time has raised any question as to the adequacy or effectiveness of the New York service of process, nor has it challenged the jurisdiction of the New York Court. It asserts no alleged flaw in the procedural facets of the New York judgment nor finally does it suggest that such judgment was obtained either directly or indirectly by fraud thus giving rise to the possibility of a collateral attack upon the New York proceedings. With the case in this posture the broad question is thus posed concerning the full faith and credit status of an otherwise valid default judgment. Here, again, the authorities are virtually unanimous and the rule may be simply stated. A judgment by default is entitled in other states to the same full faith and credit as it has in the state where rendered in the same measure and with the same efficacy as a valid and final judgment entered after contest.

*J. J. Miller Construction Co. v. Berlanti Const. Co.* 197 N.Y.S. 2d 818, 819, is a case with strongly similar factual overtones to the instant case. In an action brought in New York against a construction company suing on a default judgment previously given against the defendant in a Connecticut Court, the defendant urged that the original Connecticut default judgment was obtained by "inadvertence and excusable neglect." In striking this asserted defense, the New York Supreme Court stated: "The rule is fundamental that a judgment of a court of competent jurisdiction of a sister state is entitled to full faith and credit in this state and is only subject to collateral attack when the court either lacked jurisdiction or there was fraud in the entry of the judgment. . . . *This rule has been applied with equal force to judgments entered upon default.* (emphasis supplied).

In *Parker v. Hoefer,* 2 N.Y. 2d 616, 617 (1957), the Court of Appeals of the State of New York in the course of a decision validating a judgment on full faith and credit principles deriving from a cause of action predicated on an underlying suit which would have been antithetical to the public policy of New York had the original suit been commenced there stated:

> "Because there is a full faith and credit clause, defendant may not a second time challenge the validity of plaintiff's right which has ripened into a judgment . . . which is to say that a judgment of a court having jurisdiction of the parties and of the subject matter operates as res judicata in the obsence of fraud or collusion, *even if obtained upon default* . . . such a judgment obtained in a sister State is, with exceptions not relevant here entitled to full faith and credit in another State, though the underlying claim would not be enforced in the State of the forum" (emphasis supplied).

For additional examples of this principle See 77 ALR 2d 1410 at 1425 and cases cited therein.

Thus we conclude that the original default judgment secured by the defendant in New York should have been accorded full faith and credit in the instant Massachusetts action. It thus follows since the trial justice affirmatively found that "there was evidence to show that plaintiff's case at bar arose out of the same occurrences and facts as those sued on by defendant in the State of New York" that the finding of the trial justice is reversed and judgment entered for the defendant.

**It is so ordered.**