Lauriat, J.
Albert Lewin (“Lewin”) seeks recovery from the defendants, the Mayor and City Council of Boston, acting in their capacity as Suffolk County Commissioners (“the County”), of monetary damages that he was awarded by a Superior Court jury on April 27, 1995, in his action against the individual defendants, Joseph Fitzpatrick (“Fitzpatrick”), Richard Pond (“Pond”), and Richard Flynn (“Flynn”) (hereinafter “the correctional officers”) for injuries he suffered as a result of being beaten by those defendants while he was a pre-trial detainee at the Suffolk County Jail in May of 1988. At the time of the beating, Fitzpatrick, Pond, and Flynn were employed by Suffolk Couniy as correctional officers at the jail. The correctional officers have also brought a third-party claim against the County seeking indemnification for the compensatory *639 damages awarded against them by the jury. Both Lewin and the correctional officers seek a declaratory judgment that, as a matter of law, the County is not prohibited from indemnifying the correctional officers under G.L.c. 258, §9.
Lewin and the correctional officers have now moved for partial summary judgment on Count I of Lewin’s Supplemental Complaint and Count II of the correctional officers’ Third Amended Third-Party Complaint. The defendant/third-party defendant County has also moved for summary judgment on Count I of Lewin’s Supplemental Complaint and Count II of correctional officers’ Third Amended Third-Party Complaint. The County contends that, as a matter of law, the correctional officers are not entitled to indemnification. For the following reasons, partial summary judgment must be entered in favor of Lewin and the correctional officers on these Counts.
BACKGROUND
The following facts relevant to this motion are undisputed. In early 1988, Lewin was arrested and charged with the murder of Sherman Griffiths, a Boston police officer, during a drug raid. Lewin was later found not guilty at his criminal trial.
While Lewin was awaiting trial on the murder charge, he was held in default of bail at the Suffolk County Jail (“the Jail”) in Boston, Massachusetts. On May 14, 1988, Fitzpatrick, Pond, and Flynn, who were employed by the County as correctional officers at the Jail, severely beat Lewin in his jail cell, in apparent retaliation for Griffiths’ murder. On May 13, 1991, Lewin filed this action against Fitzpatrick, Pond, and Flynn, alleging federal and state civil rights violations, civil conspiracy, assault and battery and intentional infliction of emotional distress.
After Lewin filed his action, the correctional officers filed a third-party complaint against the County, pursuant to G.L.c. 258, §9. On July 8, 1991, the County filed a motion to dismiss the third-party action, asserting that it was not obligated to indemnify its employees for any intentional torts. On September 18, 1991, the motion was denied by this court (Donovan, J.), on the ground that indemnification for intentional torts was permissible under G.L.c. 258, §9, and that “[i]f a jury finds the defendant(s) liable to [Lewin] by reason of an intentional tort, then the jury would have to consider the factual issues raised by G.L.c. 258, §9.”
On October 6, 1994, the County filed and the court (Flannery, J.) allowed a motion to bifurcate the thirdparly action from the trial of Lewin’s action against the correctional officers. On April 27, 1995, after a six-day trial, a jury returned a verdict in favor of Lewin. In response to special questions, the jury found that (1) Fitzpatrick and Pond committed an assault and battery upon Lewin; (2) Fitzpatrick, Pond and Flynn violated Lewin’s federal and state constitutional rights by subjecting him to excessive force while in custody, and (3) Fitzpatrick, Pond, and Flynn intentionally caused Lewin to suffer emotional distress. The jury awarded Lewin $150,000 in compensatory damages, and $75,000 in punitive damages ($25,000 against each of the three defendants).
The correctional officers launched several post-trial attacks on the jury’s verdict. On May 4, 1995, they filed a timely Motion to Set Aside the Verdict and a Motion for a New Trial, challenging the verdict on both liability and damages grounds. The correctional officers contended that they were entitled to a new trial based on disputed evidentiary rulings. The correctional officers also moved, in the alternative, for a remittitur, challenging the jury’s imposition of punitive damages.
Shortly thereafter, Lewin’s counsel spoke with counsel for the County regarding its duty to indemnify the correctional officers. Lewin’s counsel also had conversations regarding the County’s indemnification with the correctional officers’ counsel. Ultimately, Lewin and the correctional officers reached a settlement agreement. As part of that settlement, Lewin agreed to waive the jury’s punitive damages award, and the correctional officers waived their right to appeal the jury’s compensatory damages award.
On October 10, 1995, all of the parties, including' the County, appeared before the court (Garsh, J.) for a status conference. At that conference, counsel for Lewin and the correctional officers filed an Agreement for Judgment, which provided in part:
3. Both the plaintiff and the defendants now desire to settle and compromise this dispute and thereby terminate the litigation as between them, and have, accordingly, agreed upon entry of judgment, as set forth below. In agreeing to the entry of judgment, the defendants do not admit their culpability, but they do waive their motion for new trial and all rights of appeal.
4. Judgment may be entered as follows;
Judgment for plaintiff against defendants Fitzpatrick, Pond, and Flynn for the application of excessive force, on Counts One, Two, and Four in the amount of One Hundred Fifty Thousand Dollars ($150,000), with statutory interest and attorneys fees to be determined by the Court, and dismissing all other claims with prejudice.
On October 11,1995, the correctional officers made their formal request to the County for indemnification pursuant to G.L.c. 258, §9. The County responded on November 16, 1995, declining to indemnify either Fitzpatrick, Pond, or Flynn. Lewin’s counsel met with counsel for the County on December 26, 1995. The County reiterated that it would not indemnify the correctional officers.
On February 8, 1996, Lewin filed a Motion for Leave to File a Supplemental Complaint against the County. On February 9, 1996, the correctional officers served *640 on the County a Motion to Amend the Third-Party Complaint. Count I of Lewin’s Supplemental Complaint and Count II of the correctional officers’ third amendment to their Third-Party Complaint seek a declaratory judgment, pursuant to G.L.c. 231 A, “that G.L.c. 258, §9 does not prohibit the County from indemnifying the defendant correctional officers in this case.”
At a status conference on February 9, 1996, the County announced its intention to oppose Lewin’s and the correctional officers’ present motions. The County served its opposition on counsel for both Lewin and the correctional officers on March 12, 1996. The County claimed in its opposition that the supplemental pleadings were without merit in light of Pinshaw v. Metropolitan District Commission, 402 Mass. 687 (1988).
On May 30, 1996, this court allowed Lewin’s motion for leave to file a supplemental complaint. The parties agreed to file cross-motions for partial summary judgment on Count I of Lewin’s Supplemental Complaint and Count II of defendants’ Amended Third-Party Complaint. The cross motions for partial summary judgment are now before the court. Both parties seek a determination of the issue of indemnification under G.L.c. 258, §9 and the applicability of Pinshaw to this action.
DISCUSSION
Summary judgment must be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Daws, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that it is entitled to judgment in its favor. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). With respect to any claim on which the party moving for summary judgment does not have the burden of proof at trial, it may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp. 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat a motion for summary judgment.” Pederson v. Time, Inc., 404 Mass. at 17. The opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
I.
Lewin and the correctional officers assert that the Agreement for Judgment filed with the court was a final judgment as to all claims between them, and that Lewin’s claim for punitive damages was dismissed. Accordingly, they contend that the County cannot raise the jury’s implicit finding that the correctional officers’ conduct was egregious as a bar to indemnification under G.L.c. 258, §9.
The County responds that it cannot, as a matter of law, indemnify a public employee when his conduct is sufficiently egregious to warrant imposition of punitive damages. It asserts that Pinshaw established a “bright line” test to determine whether public employees should be indemnified for their intentional torts or conduct violating an individual’s civil rights, and that under that test, indemnification of the correctional officers here is prohibited.
In Pinshaw, a civil rights action under 42 U.S.C. §1983, the Supreme Judicial Court concluded “that for purposes of [G.L.c. 258,] §9A,[1] in a civil rights context, ‘willful, wanton, or malicious’ conduct means egregious conduct which would warrant imposition of punitive damages in the underlying action.” Pinshaw, 402 Mass. at 697. The plaintiff in Pinshaw, through an assignment of rights by a Metropolitan District Commission (“MDC”) police officer against whom, he had secured a judgment in a civil rights action, sought to compel the MDC to indemnify the police officer under G.L.c. 258, §9A. The trial court, upon cross motions and an agreed statement of facts, entered summary judgment in favor of the MDC. On appeal, the Supreme Judicial Court reversed, finding that there were genuine issues of material facts that precluded summary judgment.
In its decision, the Court stated, inter alia, that §9A precluded indemnification of a police officer who acted egregiously. Id. at 697. According to the Court, it did not matter if the underlying jury verdict did not contain a punitive damages component because imposition of punitive damages was discretionary. “A failure to award punitive damages, unlike a verdict awarding them, does not establish facts that are binding on future litigation.” Id. In other words, the Court appeared of the view that a jury’s finding that a police officer acted egregiously would provide a sufficient basis upon which a public employer could refuse to indemnify under G.L.c. 258, §9A, even if punitive damages were ultimately not a part of the judgment.[2] The SJC reasoned that:
[l]inking the exclusion from indemnification to the standard for punitive damages achieves the Legislature’s clear intent; it indemnifies officers for intentional torts and civil rights occurring within the scope of their official duties; yet excludes indemnification in egregious cases. It also provides a bright line test for precluding indemnification *641 where punitive damages are awarded in the underlying action.
Id. However, the court did not expressly address the issue, raised here, of an award of punitive damages by a juiy that is later dismissed by the court as part of the final judgment in the case. Moreover, given the narrow summary judgment issue presented to the court for determination, its conclusion that a jury’s award of punitive damages against a public employee barring indemnification by his employer (which was not before it in Pinshaw) is, at best, dicta.
II.
The County next asserts that notwithstanding the Agreement for Judgment between Lewin and the correctional officers, by which Lewin’s punitive damage claims were dismissed, the jury found that the correctional officers’ conduct was egregious, and therefore the County cannot indemnify them. The Agreement for Judgment, the County contends, has no preclusive effect on the subsequent indemnification issue and does not change the jury’s verdict.
Lewin and the correctional officers counter that the Agreement for Judgment is the final, operative judgment. They claim that the County is not barred from indemnifying the correctional officers because the Agreement for Judgment does not reflect or include a finding of egregious conduct or an award of punitive damages. In the absence of a final judgment awarding punitive damages, they assert that the County may indemnify the correctional officers. G.L.c. 258, §9. Indeed, Lewin and the correctional officers argue, and the County concedes, that the County has indemnified public employees in similar circumstances in the past.
General laws c. 258, §9, provides:
Public employers may indemnify public employees from personal financial loss and expenses, including legal fees and costs, if any, in an amount not to exceed one million dollars arising out of any claim, action, award, compromise, settlement or judgment by reason of an intentional tort, or by reason of any act or omission which constitutes a violation of the civil rights of any person under any federal or state law; if such employee or official at the time of such intentional tort or such act or omission was acting within the scope of his official duties or employment. No such employee or official shall be indemnified under this section for violation of any such civil rights if he acted in a grossly negligent, willful or malicious manner.
Under G.L.c. 258, §9, whether a public employer indemnifies a public employee is discretionary. Thus, it differs from G.L.c. 258, §9A, the statute at issue in Pinshaw, which requires mandatory indemnification in the absence of egregious conduct (“[t]he commonwealth shall indemnify . . .” (emphasis added)). Under §9, the County may properly refuse to indemnify the correctional officers, regardless of their conduct. But G.L.c. 258, §9 also prohibits indemnification of a public employee if that employee “acted in a grossly negligent, willful or malicious manner.” G.L.c. 258, §9.
Here, there is no dispute that after a trial, the jury found that the correctional officers acted egregiously; it awarded punitive damages in the amount of $25,000 against each of the individual defendants. However, that verdict was not entered as part of the final judgment in this action. Therefore, the court concludes that the jury’s verdict does not preclude indemnification of the correctional officers by the County here.
When the County appeared before the court, along with counsel for Lewin and the correctional officers, on the day the Agreement for Judgment was filed, it did not object to the entry of that Agreement. As noted above, the Agreement for Judgment effectively erased the jury’s award of punitive damages. It provided:
Judgment for plaintiff against defendants Fitzpatrick, Pond and Flynn for the application of excessive force, on Counts One, Two and Four in the amount of One Hundred Fifty Thousand Dollars ($150,000), with statutory interest and attorneys fees to be determined by the Court, and dismissing all other claims with prejudice.
(Emphasis added.)
The County maintains that a settlement or consent judgment “arranged solely to subvert the preclusive effect of an adverse finding cannot be relied on by a party who arranged the ‘settlement’ to escape collateral estoppel." See, e.g., Chemetron Corp. v. Business Funds, Inc., 682 F.2d 1149, 1187-94 (5th Cir. 1982), judgment vacated on other grounds, 460 U.S. 1007 (1983); see also, Tausevich v. Board of Appeals of Stoughton, 402 Mass. 146, 148-50 (1988).
After the jury’s verdict in this case, Lewin was faced with a motion for a new trial, a motion for a remittitur, and an appeal. Rather than litigate these motions to an uncertain conclusion, Lewin and the correctional officers agreed to settle this action. Essentially, the County contends that Lewin and the correctional officers colluded in order to allow the correctional officers to seek indemnification and Lewin to obtain satisfaction of his judgment for money damages. However, not only has the County presented no evidence to support this assertion, even if it was true, it does not compel the County to indemnify the correctional officers, since that determination remains within its discretion. G.L.c. 258, §9. The Agreement for Judgment merely avoids the automatic bar against indemnification provided by §9.
The court concludes that the Agreement for Judgment has no preclusive effect on the issue of indemnification, one way or the other. By not objecting to the entry of a final judgment in the action between Lewin and the correctional officers, the County was not tacitly agreeing that the correctional officers were entitled to indemnification. Cf. Brown v. Quinn, 406 *642 Mass. 641, 646 (1990); Elfman v. Glaser, 313 Mass. 370, 376 (1943) (“[a]n estoppel may be made out by non-action when there is a duty to act”). The Agreement for Judgment bound only Lewin and the correctional officers and extinguished all of their claims; the County, although a party to this action, was not subject to its terms.
However, while the County was not obligated to object to the entry of the Agreement for Judgment, its silence in the face of an Agreement which, by its terms, dismissed Lewin’s claim for punitive damages, was inconsistent with its subsequent reliance on the jury’s verdict on that issue.
III.
Lewin and the correctional officers assert that even if the County is not bound as a party under the Agreement for Judgment, it is nevertheless collaterally estopped from relitigating the issue of indemnification. “Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation.” Parklane Hoisery Co. v. Shore, 439 U.S. 322, 326 (1978); see also Martin v. Ring, 401 Mass. 59, 61-62 (1987). “When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether the same or a different claim." Fireside Motors, Inc. v. Nissan Motor Corp. in U.S.A., 395 Mass. 366, 372 (1985), quoting Restatement (Second) of Judgments §27 (1982) (emphasis added); see also Fay v. Federal Nat'l Mortgage Assoc., 419 Mass. 782, 790 (1995).
This argument must fail. The liability of the correctional officers for the civil rights violations and the liability of the County for its public employees’ acts are not necessarily identical issues. Actual adjudication of the factual issues relating to indemnification never occurred. Additionally, although the correctional officers were employed by the County, that does not conclusively establish the existence of privity between the correctional officers and the County such that it would bind the County to any settlement agreed to by Lewin and the correctional officers. The County was not a party to the settlement discussions, and was therefore not bound by any settlement agreement entered as a final judgment as to all of Lewin’s claims. The court concludes that the County is not bound by principles of collateral estoppel and res judicata because the entry of a final judgment by the court was not the actual adjudication on the issue of indemnification. Cf. Home Owners Fed. Sav. & Loan Ass’n v. Northwestern Fire & Marine Ins. Co., 354 Mass. 448, 455-56 (1968); Albano v. Jordan Marsh Co., 5 Mass.App.Ct. 277, 279 (1977).
By the same token, however, the County cannot assert that the jury’s verdict, which was subsequently eliminated by the final judgment “dismissing all other claims,” is an automatic bar to the plaintiffs efforts to seek indemnification from the Counfy upon the judgment entered in this case. As noted above, issue preclusion relates to “an issue of fact or law . . . actually litigated and determined by a valid and final judgment, and the determination [of that issue] is essential to the judgment...” Fireside Motors, Inc. v. Nissan Motor Corp. in U.S.A., 395 Mass. 366, 372 (1985), quoting Restatement (Second) of Judgments §27 (1982) (emphasis added). Here, the issue of punitive damages was neither essential to nor determined by the final judgment.
In sum, while Pinshaw could be read to conclude that a jury’s award of punitive damages, even if not reflected in the final judgment, is a sufficient basis to prohibit the Couniy from indemnifying the correctional officers under G.L.c. 258, §9, the court declines to do so. That determination was neither necessary to nor a basis for the Court’s decision in Pinshaw. Indeed, the Court reversed the trial court’s entry of summary judgment in favor of the public employer and remanded the case for trial. It did not clearly address, or fairly determine, that a jury’s finding of punitive damages, later dismissed in the final judgment entered by the court, nevertheless constitutes an automatic bar to indemnification under G.L.c. 258, §9.[3]
ORDER
For the foregoing reasons, the Third-Party Defendants’ Motion For Summary Judgment On Count I OfThe Plaintiffs Supplemental Complaint and Count II Of The Defendants/Third-Party Plaintiffs Third Amended Third-Party Complaint is DENIED. The plaintiffs Motion For Partial Summary Judgment On Count I Of His Supplemental Complaint and Defendants’ Motion For Partial Summary Judgment On Count II OfThe Defendants/Third-Party Plaintiffs’ Third Amended Third-Party Complaint are ALLOWED.
An ORDER shall issue declaring that G.L.c. 258, §9 does not prohibit the County from indemnifying the defendants Fitzpatrick, Pond and Flynn in the circumstances of this case.

 General Laws c. 258, §9Ais analogous to G.L.c. 258, §9, the statute at issue in the instant case. However, G. L. c. 258, §9A relates to the mandatory indemnification of police officers, while G.L.c. 258, §9 provides for discretionary indemnification of public employees.

 The SJC also acknowledged that under a theory of respondeat superior, egregious conduct could take place while a police officer was acting within the scope of his employment. Pinshaw, 402 Mass. at 696 n. 12.

 Also left unanswered by Pinshaw is the analogous question of whether a jury’s finding of punitive damages that was later set aside by the court pursuant to Mass.R.Civ.P. 50(b), would nonetheless constitute an automatic bar to indemnification of a public employee under G.L.c. 258, §9.